IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-40945
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

RODOLFO CARRANZA-VELASQUEZ,

                                        Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-01-CR-161-1
---------------------
December 12, 2002

Before JOLLY, JONES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Rodolfo Carranza-Velasquez appeals his sentence following his guilty-plea conviction for being present in the United States after having previously been deported or removed following an aggravated-felony conviction. Carranza-Velasquez argues for the first time on appeal that 8 U.S.C. § 1326(b)(2) is unconstitutional because it permitted the sentencing judge to find, under a preponderance of the evidence standard, a fact

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

which increased the statutory maximum sentence to which he otherwise would have been exposed.   He thus contends that his sentence is invalid and argues that it should not exceed the two-year maximum term of imprisonment prescribed in 8 U.S.C. § 1326(a).

In Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), the Supreme Court held that the enhanced penalties in 8 U.S.C. § 1326(b) are sentencing provisions, not elements of separate offenses.  The Court further held that the sentencing provisions do not violate the Due Process Clause.  Id. at 239-47. Carranza-Velasquez acknowledges that his argument is foreclosed by Almendarez-Torres, but asserts that the decision has been cast into doubt by Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). He seeks to preserve his argument for further review.

Apprendi did not overrule Almendarez-Torres.  See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000), cert. denied, 531 U.S. 1202 (2001).  This court must follow Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it."  Dabeit, 231 F.3d at 984 (internal quotation marks and citation omitted).

The judgment of the district court is AFFIRMED.